UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 04-506-KSF

DOROTHEA BROUGHTON and
MICHAEL BROUGHTON                                                    PLAINTIFFS

vs.

BANK ONE, N.A. and
ADAMS PONTIAC BUICK GMC TRUCK, INC                                   DEFENDANTS

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' motion to remand to the Jefferson Circuit Court. No response having been filed and the time for filing same having expired, the matter is ripe for consideration.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiffs brought this action against Bank One, N.A. ("Bank One") and Adams Pontiac Buick GMC Truck, Inc. ("Adams") alleging discrepancies in the amount they financed and the interest rate on their loan documentation for the purchase of a 2002 GMC Sierra versus what they were told by the dealer.  A year after removal of the action to this Court in 2004, plaintiffs filed a second amended complaint adding eight counts, including violation of the Truth in Lending Act, Regulation Z, and others.  [DE 16, 24].  Following an amended scheduling order, the case was set for trial on October 10, 2006.

On August 1, 2006, Bank One moved for summary judgment, and Plaintiffs promptly moved to dismiss all federal claims.  By agreed order, all claims against the Bank were dismissed on August 30, 2006.  Plaintiffs then sought remand of their claims of fraud and violation of Kentucky's Consumer Protection Act against Adams.  Adams moved for summary judgment on those claims and urged the Court to exercise its supplemental jurisdiction in light of the length of time the case

had been pending.  [DE 55].  After full briefing on the motion, the Court exercised supplemental

jurisdiction and granted summary judgment in favor of Adams.  [DE 66].

      Summary judgment was granted on Plaintiffs' Consumer Protection Claims because the

facts before this Court reflected that the truck was not purchased "primarily for personal, family or

household purposes" as required by KRS § 367.220(1).  The record before this Court showed that

the truck was to be driven by Mr. Broughton for use on the farm they had just purchased to raise

horses or alpacas.

> Q.  Okay.  And did you have a special use for the Sierra?
> A.  Not yet.  I needed a truck, something that could tow and be used on a farm.
> Q.  Okay.  So it was your intention to use the Sierra then on your farm?
> A.  Yeah.
> Q.  Okay.  And what types of stuff would you do on the farm with your Sierra?
> A.  Move rocks, get fence posts, hay, stuff that horses need, like grain.  You can't
> buy just one or two bags of it, you have to get a lot of it, salt blocks and all that stuff.
> Q.  And that was because you intended to have a horse farm; is that correct?
> A.  Something to do with horses and animals.  I'd like to start something with alpacas.

[Michael Broughton Dep. p. 14].  Dorothea Broughton testified that the Sierra was "the car my

husband wanted" and her understanding was "it was going to be able to pull things and be able to

do what we needed to do because we were moving to the country and we would be having horses

and farm stuff" [Dorothea Broughton Dep., pp. 17-18].  She said that she did not drive the truck

[Dorothea Broughton Dep., pp. 16, 35].  The Broughtons had given up their teaching jobs in

Massachusetts to move to Kentucky and raise alpacas [Michael Broughton Dep., pp. 14-15;

Dorothea Broughton Dep., p. 27].  In opposing summary judgment, Plaintiffs said they planned to

use the truck to move their household goods to Kentucky, but they "needed the truck to use on

their newly-purchased farm."  [DE 60, p. 3].

      Plaintiffs appealed to the Sixth Circuit and argued facts that were never presented to this

Court.  The Sixth Circuit found there was a genuine issue of fact as to whether the truck was

purchased "primarily for personal, family or household purposes" based upon the following

evidence:   "Plaintiffs also testified that the principal purpose of their new farm would be

recreational."  "Plaintiffs never purchased any alpacas."  "Furthermore, while Plaintiffs grew hay on

their Kentucky farm, they gave this hay away to their neighbor for free and had never received any money for this crop.  Dorothea testified that she and her husband purchased four horses for 'my children to ride and for me to ride.'  They never sold any of the horses, and they did not board other people's horses at their farm.  Both Plaintiffs earn their living as teachers." Slip Opinion, pp. 2-3. The Sixth Circuit found that: "Plaintiffs are not farmers; they are schoolteachers who live on a farm. While they keep horses on the farm, they keep these horses solely for personal and family use as recreational riding animals.  They grow some crops on the farm, but they give these crops away for no profit."  Slip Opinion, p. 8.  Not one of these alleged "facts" can be found in Plaintiffs' response to the motion for summary judgment or the attached deposition pages presented to this Court.  [DE 60].  Had it been provided that information, this Court would have reached a different result two years ago.

## II.    MOTION TO REMAND

The Sixth Circuit affirmed this Court's decision regarding misrepresentation of the interest rate, but reversed and remanded for trial the decisions under the Consumer Protection Act and plaintiffs' claim that the price of the truck was misrepresented.  These are purely state law claims, and the Court's prior determinations regarding judicial economy, convenience, fairness and comity are no longer applicable.  Instead, the relevant considerations all weigh in favor of remand.  Adams has not responded to the motion to remand, indicating it has no objection.

## III.    CONCLUSION

The Court, being otherwise fully and sufficiently advised, **HEREBY ORDERS** that Plaintiffs' motion to remand [DE 77] is **GRANTED** and this matter is **REMANDED TO THE JEFFERSON CIRCUIT COURT** for further proceedings.

This  8th  day  of  August, 2008.



Signed By:

**_Karl S. Forester_**  K S F

**United States Senior Judge**